**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| LEE CRAYTON, 918103, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:08-CV-332-L |
| | ) | (Consolidated with |
| RICK THALER, Director, TDCJ-CID, | ) | 3:10-CV-1813-L |
|     Respondent. | ) | 3:10-CV-1907-L) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS:**

**Type of Case:**

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**Parties:**

Petitioner is a state prisoner, currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent is Rick Thaler, Director of the TDCJ-CID.

**Statement of the Case:**

Petitioner challenges his conviction for aggravated sexual assault. *State of Texas v. Lee Darrel Crayton*, No. F98-70332 (Crim. Dist. Ct. No. 1, Dallas County, Tex., Nov. 17, 1999). Petitioner was sentenced to life in prison. On October 9, 2001, the Fifth District Court of

Appeals affirmed the conviction and sentence. *Crayton v. State*, No. 05-00-00253-CR (Tex. App. – Dallas 2001, no pet.).

On May 6, 2002, Petitioner filed a state habeas petition. On February 19, 2003, the Court of Appeals denied the petition without written order on the findings of the trial court after a hearing. *Ex parte Crayton*, No. 53,909-01. On July 10, 2003, Petitioner filed a second state habeas petition. *Ex parte Crayton*, No. 53,909-02. On June 29, 2005, the Court of Criminal Appeals dismissed the petition as a subsequent application.

On September 19, 2005, Petitioner filed a motion for appointment of counsel in state court to assist him in filing a motion for post-conviction DNA testing. On January 3, 2006, the state court denied the motion. On March 30, 2007, Petitioner filed another motion for appointment of counsel for DNA testing, which the court denied on November 9, 2007.

On February 20, 2008, Petitioner filed the instant § 2254 petition. He argues:

1. He is actually innocent;

2. He received ineffective assistance of counsel when his counsel:

    a. failed to perform adequately in new testing for DNA;

    b. failed to investigate the validity of his 1990 aggravated assault conviction and object to its use as an enhancement paragraph;

    c. failed to move for a lesser included offense;

    d. failed to move for instructed verdict based on a defective indictment;

    e. failed to investigated medical records;

    f. failed to file a motion to suppress and motion to quash;

3. He received ineffective assistance of appellate counsel when counsel failed to raise ineffective assistance of trial counsel claims;

4. The use of his 1990 conviction for enhancement violated double jeopardy and *ex post facto* laws;

5. The evidence was insufficient to prove a lesser included offense;

6. The prior conviction enhancement paragraph and extraneous offenses were over ten years old and could not be used against him;

7. The trial court abused its discretion at sentencing;

8. He was denied a fair and impartial trial;

9. The prosecutor engaged in misconduct;

10. He has been harmed mentally and physically due to his incarceration.

On August 18, 2009, Petitioner filed a second § 2254 challenging his conviction. Petitioner filed this petition in the United States District Court for the District of Columbia. *Clayton v. Quarterman*, No. 09-CV-1563. The District of Columbia transferred the petition to this Court, which opened a new case in *Crayton v. Thaler*, No. 3:09-CV-1907-L. That case has been consolidated with the instant case. Petitioner raised the following claims in that petition:

1. He received ineffective assistance of counsel because counsel failed to: (a) investigate, properly advise Petitioner, perform competently, properly object to an all-white jury, and (b) counsel hid transcripts;

2. Jurors were improperly excluded;

3. Prosecutors withheld exculpatory evidence.

On September 11, 2009, Petitioner filed a third § 2254 petition challenging his conviction. Petitioner filed this petition in the United States District Court for the Northern District of Texas, Amarillo Division. *Crayton v. Quarterman*, No. 2:09-CV-234. The Amarillo Division transferred that petition to this Court, which open a new case in *Crayton v. Thaler*, 3:09-CV-1813-L. That case has been consolidated with the instant case. Petitioner raised the following claims in that petition:

1. His appellate counsel abandoned the appeal process;

2. The prosecutor improperly excluded jurors;

3. The prosecutor failed to disclose exculpatory evidence;

4. A new lab report will show actual innocence;

5. The prosecutor used false/misleading and perjured testimony.

**Discussion:**

Respondent argues the petition is successive because Petitioner filed a previous § 2254 in 2003. On June 12, 2003, Petitioner filed a § 2254 petition arguing that prison officials unlawfully denied him his property. *Crayton v. Director*, 9:03-CV-142 (E.D. Tex. Lufkin Div.). On September 26, 2003, the court dismissed the petition.

Although Petitioner's non-DNA claims may be successive, he also alleges DNA claims that he states arose after the filing of his first habeas petition in 2003. Petitioner has failed to exhaust his state remedies regarding his DNA claims, and it is not clear that the Texas courts would find these claims procedurally barred.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the

highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

In this case, Petitioner did not file a petition for discretionary review and he did not file any state applications for writ of habeas corpus regarding his DNA claims. He has therefore not presented his claims to the Texas Court of Criminal Appeals.

Although the terms of § 2254(b)(2) provide that an application for a writ of habeas corpus may be denied on the merits notwithstanding the applicant's failure to exhaust his state court remedies, complete exhaustion assists the federal courts in their review because federal claims that have been fully exhausted in state courts will necessarily be accompanied by a more complete factual record. *See Rose v. Lundy,* 455 U.S. 509, 518-19 (1982).

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the District Court dismiss the habeas corpus petition without prejudice for failure to exhaust state court remedies.

Signed this 1st day of July, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).