IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LEE CRAYTON, 918103**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:08-CV-332-L** |
| | § | Consolidated with  3:10-CV-1813-L |
| **RICK THALER, Director**, | § | 3:10-CV-1907-L |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court is Lee Crayton's Petition for Writ of Habeas Corpus, filed February 25, 2008. The case was referred to Magistrate Judge Paul D. Stickney, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on July 1, 2010. Petitioner filed objections on July 15, 2010.

This is a habeas petition filed pursuant to 28 U.S.C. § 2254. Petitioner is serving a life sentence in state prison for his conviction of aggravated sexual assault; his habeas petition challenges that conviction. Petitioner's argument centers around his request for post-conviction DNA testing, which he contends would prove that he is actually innocent. The magistrate judge determined from the record that Petitioner has failed to exhaust his state remedies regarding his DNA claims. Accordingly, the magistrate judge recommends that the court dismiss the habeas petition without prejudice for Petitioner's failure to exhaust state remedies.

Petitioner, through his objections, generally asserts that he is entitled to relief because DNA evidence will prove his innocence and that no reasonable juror could convict in light of such evidence. He never addresses the magistrate judge's finding that his state remedies have not been

**Order – Page 1**

exhausted, however, and appears to completely ignore that crucial fact. He does not dispute that he has not filed a petition for discretionary review or any state applications for a writ of habeas corpus regarding his DNA claims. Instead, he seems to argue that this court has jurisdiction over this action and should make a ruling. As the magistrate judge noted, although § 2254(b)(2) provides that an application for writ of habeas corpus may be denied on the merits notwithstanding the applicant's failure to exhaust his state court remedies, complete exhaustion assists the federal courts in their review because federal claims that have been fully exhausted in state courts will necessarily be accompanied by a more complete factual record. *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). The court accordingly finds the Report well taken and **overrules** Petitioner's objections.

After having reviewed the petition, file, record, and the Report in this case, the court determines that the magistrate judge's findings and conclusions are correct. They are therefore **accepted** as those of the court. The court **dismisses without prejudice** the writ of habeas corpus, because Petitioner has failed to exhaust his state court remedies.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
   **(a)   Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
   (**b**)   **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case.  In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

    **It is so ordered** this 22nd day of July, 2010.

                                              Sam A. Lindsay
                                              United States District Judge